# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10427
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR ASHMORE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-293-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Omar Ashmore appeals his 360-month sentence for conspiracy to possess heroin with intent to distribute, arguing that the evidence was insufficient to support the four-level U.S.S.G. § 3B1.1(a) enhancement he received for being a leader or organizer of criminal activity. We review the district court's findings of facts for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If the district court's factual findings are plausible in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10427

light of the record as a whole, there is no clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012). A district court may adopt the facts in a presentence report (PSR) without additional inquiry "if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted).

Assuming that Ashmore has not abandoned his argument by failing to adequately brief it, *see United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010), he has not demonstrated a clear error. The PSR reflected that Ashmore exercised decision-making authority, was a high-level drug dealer in the conspiracy, planned or organized the offense to a high degree, and exercised control and authority over others. Because Ashmore did not introduce rebuttal evidence, the district court was free to adopt the PSR's factual findings. *See Trujillo*, 502 F.3d at 357. Based on the information in the PSR, the application of the § 3B1.1(a) enhancement was plausible in light of the record as a whole. *See Serfass*, 684 F.3d at 550; *see also United States v. Dickerson*, 909 F.3d 118, 127-28 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2685 (2019); § 3B1.1, comment. (n.4).

The judgment of the district court is AFFIRMED.